2012 WY 56

**Victor Everett JACKSON, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. S–11–0145.

Supreme Court of Wyoming.

April 11, 2012.

Representing Appellant: Diane Lozano, State Public Defender, PDP; Tina N. Olson, Appellate Counsel; David E. Westling, Senior Assistant Appellate Counsel.

Representing Appellee: Gregory A. Phillips, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Meri V. Geringer, Senior Assistant Attorney General.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

KITE, Chief Justice.

[¶ 1]   Victor Everett Jackson pled guilty to one count of third degree sexual assault in exchange for the State's agreement to request probation under Wyo. Stat. Ann. § 7–13–301 (LexisNexis 2009). The district court placed him on supervised probation for five years.   Six months later, the State filed a petition to revoke his probation but proceedings on the petition were delayed.   A year later, Mr. Jackson filed a motion to withdraw his guilty plea asserting that the victim of the assault had identified someone else as the perpetrator.   The district court denied the motion and entered an order revoking probation.   The district court entered judgment and imposed a sentence of four to five years. Mr. Jackson appealed, claiming the district court abused its discretion in denying his motion to withdraw his guilty plea.   We affirm.

## ISSUE

[¶ 2]   Mr. Jackson claims the district court abused its discretion and violated his right to due process when it denied his motion to withdraw his guilty plea.   The State responds that the district court properly exercised its discretion when it denied the motion.

## FACTS

[¶ 3]   Mr. Jackson was arrested in July of 2007 on two counts of third degree sexual assault in violation of Wyo. Stat. Ann. § 6–2–303(a)(v)  (LexisNexis 2005)  and  § 6–2–304(a)(iii) (LexisNexis 2003).   The affidavit of probable cause alleged that, two years earlier, when Mr. Jackson was sixteen years old, he had sexual contact with a five year old girl.   At his arraignment, Mr. Jackson pled not guilty to the charges.   He subsequently filed a motion to transfer the case to juvenile court.   After a hearing, the district court denied the motion to transfer.

[¶ 4]   The parties reached a plea agreement pursuant to which Mr. Jackson agreed to plead guilty to one count of third degree sexual assault and the State agreed to dismiss the second count and recommend dispo-

sition of the case under § 7–13–301.[1] The district court convened a hearing at which time Mr. Jackson entered a plea of guilty to one count of third degree sexual assault. The district court asked who would present the factual basis for the plea and the prosecutor stated that he would. He then recited the evidence the State intended to present at trial. The court asked defense counsel if he was satisfied the evidence would be as stated by the prosecutor; defense counsel stated that he was. Several months later, the district court entered a judgment and sentence placing Mr. Jackson on probation for five years pursuant to § 7–13–301.

[¶ 5] Six months later, the State filed a petition for revocation of probation asserting that Mr. Jackson had violated the terms of his probation in several ways. For various reasons, no proceedings occurred with respect to the petition and, a year later, Mr. Jackson filed a motion to withdraw his guilty plea. He alleged the victim had recanted her statement that he assaulted her and named another individual as the assailant. He attached to his motion a three page statement written by the victim in 2010, three years after the assault, in which she asserted she was coerced into naming Mr. Jackson as the assailant when in fact someone else had assaulted her. He asserted this was new evidence that he could not have discovered earlier. After a hearing, the district court denied the motion, finding that the evidence was not newly discovered, but was known to Mr. Jackson at the time his conviction was

deferred and he was placed on probation because a similar statement made by the victim's mother was contained in the presentence investigation report (PSI) which he had received prior to the deferral. Subsequently, the district court revoked Mr. Jackson's probation and imposed a sentence of four to five years with a recommendation for boot camp. Mr. Jackson appealed.

## STANDARD OF REVIEW

[¶ 6] We review a district court's decision to deny a motion to withdraw a guilty plea for an abuse of discretion. *Winsted v. State*, 2010 WY 139, ¶ 6, 241 P.3d 497, 499 (Wyo.2010). In determining whether there has been an abuse of discretion, we focus on the "reasonableness of the choice made by the trial court." *Id.*, quoting *Vaughn v. State*, 962 P.2d 149, 151 (Wyo. 1998). If the trial court could reasonably conclude as it did and the ruling is one based on sound judgment with regard to what is right under the circumstances, it will not be disturbed absent a showing that some facet of the ruling is arbitrary or capricious. *Id.*

## DISCUSSION

[¶ 7] In asserting error in the denial of his motion to withdraw his guilty plea, Mr. Jackson argues first that the requirements of W.R.Cr.P. 11 were not satisfied before he entered his initial plea at the arraignment or

---

1. The statute provides in relevant part:
   **§ 7–13–301. Placing person found guilty, but not convicted, on probation.**
   (a) If a person who has not previously been convicted of any felony is charged with or is found guilty of or pleads guilty or no contest to ... any felony except murder, sexual assault in the first or second degree, aggravated assault and battery or arson in the first or second degree, the court may, with the consent of the defendant and the state and without entering a judgment of guilt or conviction, defer further proceedings and place the person on probation for a term not to exceed five (5) years upon terms and conditions set by the court....
   (b) If the court finds the person has fulfilled the terms of probation and that his rehabilitation has been attained to the satisfaction of the court, the court may at the end of five (5)

years, or at any time after the expiration of one (1) year from the date of the original probation, discharge the person and dismiss the proceedings against him.
   (c) If the defendant violates a term or condition of probation at any time before final discharge, the court may:
   (i) Enter an adjudication of guilt and conviction and proceed to impose sentence upon the defendant if he previously pled guilty to or was found guilty of the original charge for which probation was granted under this section; or
   (ii) Order that the trial of the original charge proceed if the defendant has not previously pled or been found guilty.
   (d) Discharge and dismissal under this section shall be without adjudication of guilt and is not a conviction for any purpose.

later when he changed his plea to guilty.[2] Rule 11 provides in relevant part:

(b) *Advice to defendant.*—... *before accepting a plea of guilty ... to a felony ... the court must address the defendant personally in open* court and, unless the defendant has been previously advised by the court on the record and in the presence of counsel, inform the defendant of, *and determine that the defendant understands, the following:*

(1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law and other sanctions which could attend a conviction....

....

(2) The defendant has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent the defendant;

(3) The defendant has the right to plead not guilty or to persist in that plea if it has already been made, the right to be tried by a jury and at that trial the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to court process to obtain the testimony of other witnesses, and the right against compelled self-incrimination;

(4) If a plea of guilty ... is accepted by the court there will not be a further trial of any kind, so that by pleading guilty ... the defendant waives the right to a trial; and

(5) *If the court intends to question the defendant under oath,* on the record, and in the presence of counsel, *about the offense to which the defendant has pleaded guilty, that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.*

....

(d) *Insuring that plea is voluntary.*— *The court shall not accept a plea of guilty* or nolo contendere *without first, by ad-*

dressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. The court shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the attorney for the state and the defendant or the defendant's attorney.

....

(f) *Determining accuracy of plea.*—*Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea.*

....

(h) *Harmless error.*—Any variance from the procedures required by this rule which does not affect substantial rights shall be disregarded.

(Emphasis added.)

[¶ 8]   Mr. Jackson contends these requirements were not met at his arraignment because the court asked him only whether he had received a copy of the information, whether he was fully aware of the allegations contained in it and how he intended to plead to the charges.   By its express language, the requirements of Rule 11(b) apply before a court accepts a guilty plea.   At his arraignment, Mr. Jackson pleaded not guilty; therefore, Rule 11 did not apply.   W.R.Cr.P. 10, which governs arraignments, provides:

Arraignments shall be conducted in open court and shall consist of reading the ... information ... to the defendant or stating to the defendant the substance of the charge and calling on the defendant to plead thereto.   The defendant shall be given a copy of the ... information ... before being called upon to plead.

In Mr. Jackson's case, defense counsel waived the reading of the information.   In response to the court's questions, Mr. Jackson stated that he had been served with a

---

**2.**   Mr. Jackson did not present his Rule 11 argument in district court.   In *Murphy v. State*, 592 P.2d 1159, 1163 (Wyo.1979), the defendant also did not present his Rule 11 argument in the district court before presenting it in his appeal. As we did in *Murphy*, we proceed to review the Rule 11 argument in the context of the motion to withdraw the guilty plea.

copy of the information, was fully aware of the allegations against him and was pleading not guilty. This satisfied the requirements of Rule 10.

[¶ 9] Turning to the change of plea hearing, Mr. Jackson asserts the court did not advise him before he entered a guilty plea that any admissions he made could be used against him in later proceedings, but then, in considering his motion to withdraw his guilty plea, used the plea itself against him in denying his motion. Mr. Jackson also maintains Rule 11(b)(5) contemplates that statements by a defendant will be made under oath, which did not occur, and the factual basis for his plea was insufficient under Rule 11(f) because he did not testify and no evidence was presented. Given these omissions, he contends it is not clear that his plea was voluntary and knowingly entered as Rule 11(d) is intended to insure.

[¶ 10] As reflected in paragraph 7 above, Rule 11(b)(5) requires the district court to inform the defendant and determine that he understands that *if* the court questions him under oath about the offense to which he has pleaded guilty, his answers may later be used against him in a prosecution for perjury or false statement. The district court did not question Mr. Jackson under oath about the offense and there were no answers to use against him in any later perjury prosecution. The district court did not abuse its discretion or violate Rule 11 when it did not advise Mr. Jackson in accordance with Rule 11(b)(5). Likewise, the court did not violate the rule by failing to question Mr. Jackson under oath. The use of the word "if" at the beginning of subsection (b)(5) reflects that a district court has the discretion to question, or not to question, a defendant under oath about the offense. Finally, Rule 11 does not require that the factual basis for a plea must be provided by testimony or the presentation of evidence. "Rule 11(f) merely requires the court to satisfy itself that a factual basis exists for the guilty plea before accepting the plea." *Jones v. State*, 2009 WY 33, ¶ 20, 203 P.3d 1091, 1096 (Wyo.2009), quoting *Maes v. State*, 2005 WY 70, ¶ 10, 114 P.3d 708, 710–11 (Wyo.2005).

[¶ 11] In the present case, the district court read the allegations contained in the information and asked Mr. Jackson, "How do you plead to that charge?" Mr. Jackson responded, "Guilty[.]" Then the following exchange occurred:

THE COURT: Who will make the factual basis?

[PROSECUTION]: I will, Your Honor.

THE COURT: State's evidence, then, . . . would be what?

[PROSECUTION]: State's evidence will be that during the summer of 2005, at [address], . . . the defendant Victor Jackson . . . did subject the victim . . . to sexual contact by touching his genitalia to her genitalia on at least one occasion while they were both undressed.

THE COURT: And her date of birth would be . . . 2000?

[DEFENSE COUNSEL]: That is correct.

[PROSECUTION]: I believe that's correct, Your Honor.

THE COURT: And what was Mr. Jackson's age?

[PROSECUTION]: Mr. Jackson's age at the time of the offense would have been 15 or 16. His birthday is right in the middle there.

THE COURT: I see, and what's your present age, Mr. Jackson?

[Mr. Jackson]: I'm sorry, what, Your Honor?

THE COURT: What is your present age?

[Mr. Jackson]: My present birthday?

THE COURT: Your age. How old are you now?

[Mr. Jackson]: Nineteen, Your Honor.

THE COURT: [Defense counsel], you've had access to the State's case. We've had a couple of hearings in this matter. Are you satisfied that would be the State's evidence?

[DEFENSE COUNSEL]: Yes, Your Honor.

THE COURT: There's a factual basis for this plea, no improper inducement, so it is therefore accepted. . . .

[¶ 12] As this exchange reflects, the factual basis for Mr. Jackson's guilty plea was thin at best. However, this is not the first case in which a district court concluded a sufficient factual basis existed based solely on the prosecution's description of the evidence it intended to prove and either tacit or express agreement with that description by the defense. *See Bonney v. State*, 2011 WY 51, ¶ 7, 248 P.3d 637, 639 (Wyo.2011); *Wilson v. State*, 2003 WY 59, ¶ 8, 68 P.3d 1181, 1186 (Wyo.2003); *Murphy*, 592 P.2d at 1163. As in those cases, the district court in the present case reviewed the charge and penalties with Mr. Jackson, advised him of his right to counsel, informed him of the consequences of pleading guilty or not guilty and inquired whether any promises or threats were made to induce him to plead guilty. Mr. Jackson stated he understood the advisements and that no promises or threats had been made. The district court also reviewed the terms and implications of the plea agreement and Mr. Jackson stated that he had heard and understood that discussion. As in *Murphy*, 592 P.2d at 1163,

> The crime and the facts alleged were simple and straightforward. The prosecuting attorney recited a summary of the charges and the facts that established a crime; and [defense counsel] ... stated ... that the facts recited by the prosecuting attorney were correct. At no time did defendant protest his innocence, call to the attention of the trial court that he had a meritorious defense, nor is there any hint in the record that defendant did not understand the crime charged in ... relation to the factual basis for that charge. Under these circumstances, we hold that the district court adequately scrutinized the guilty plea and

determined that there was a factual basis for the plea.

[¶ 13] Also as in *Murphy*, 592 P.2d at 1163 n. 10, however, we emphasize that the procedure followed in this case was merely adequate; we do not condone such "close calls" and reiterate that they can result in reversal. Quoting Wayne R. LaFave & Jerold H. Israel, *Criminal Procedure* 938 (2d ed. 1992), we recognized in *Rude v. State*, 851 P.2d 15, 18 (Wyo.1993), that insuring the existence of a factual basis for a guilty plea before judgment is entered

> provides the court with a better assessment of a defendant's competency and willingness to plead guilty and his understanding of the charges, increases the visibility of charge reduction practices, provides a more adequate record and thus minimizes the likelihood of the plea being successfully challenged later.... [Citation omitted.]

*These purposes are served if the record discloses a factual basis composed of the defendant's testimony and admissions and/or the State's presentation of evidence.* The trial judge may properly draw inferences from the defendant's admissions or the evidence presented by the state to satisfy all elements of the crime to which the defendant is pleading guilty.

(Emphasis added.) Where, as here, the defendant himself does not testify, admits nothing and provides no statement concerning the evidence the State intends to prove, a district court is less able to assess his competency and understanding and the record leaves open the possibility of a later successful challenge.[3] We reiterate that it is far preferable for the proceedings to be conduct-

---

**3.** The lack of a direct admission by Mr. Jackson during the change of plea hearing also made it difficult for the district judge who was sitting a year and a half later when Mr. Jackson sought to withdraw his plea. In his ruling on the motion to withdraw, the district judge, who had not presided at the change of plea hearing, stated:

> Another factor usually relied upon by a court under the circumstances is the record of full and complete compliance with [W.R.Cr.P.] 11 ... at the time the change of plea occurred. That particular factor has a bit less weight in this particular case. That is so because while Rule 11 was complied with, the single most

important element to this determination, the giving of an under-oath factual basis, occurred in an odd fashion. The prosecuting attorney offered up the factual basis and instead of Mr. Jackson adopting that himself on the record, his attorney adopted it for him. While this Court finds that a review of those proceedings makes it clear that the necessary findings were made and an appropriate record exists to sustain the acceptance of the defendant's plea, there is not, as there is in many cases, a direct admission of the conduct this Court could pose in opposition to recantation.

ed so that the record discloses a factual basis composed of the defendant's testimony and admissions and/or the State's presentation of evidence.

■ [¶ 14] Mr. Jackson also asserts the district court abused its discretion in denying his motion to withdraw his plea given the victim's statements and testimony that he was not the perpetrator and that someone else molested her. In light of this evidence, which he characterizes as "newly discovered", Mr. Jackson asserts he made the requisite showing supporting his motion. He cites W.R.Cr.P. 32(d), which provides:

> If a motion for withdrawal of a plea of guilty … is made before sentence is imposed, the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason.

[¶ 15] This provision applies to Mr. Jackson because at the time he moved to withdraw his guilty plea, he had not been sentenced within the meaning of Rule 32(d); rather, the district court had deferred a judgment of guilt and conviction and placed him on probation under § 7-13-301. Therefore, the district court had the discretion to permit him to withdraw his plea upon a showing of any fair and just reason. Mr. Jackson asserts he showed fair and just reasons entitling him to withdraw his plea when he presented the victim's testimony that he did not commit the crime.

■ [¶ 16] Because the decision whether to allow a defendant to withdraw a guilty plea is a discretionary one, we reverse such a decision only when we conclude the district court could not reasonably have concluded as it did or some facet of the ruling is arbitrary or capricious. *Winsted*, ¶ 6, 241 P.3d at 499. In the present case, the district court denied the motion for two reasons. First, the court concluded the evidence Mr. Jackson presented in support of his motion was not newly discovered because the victim's mother had made a similar statement that was in the pre-sentence investigation report at the time judgment was deferred and Mr. Jackson was placed on probation. Thus, the court concluded, Mr. Jackson had full knowledge much earlier of the evidence indicating that someone other than himself assaulted the victim but failed to raise it until he was threatened with revocation of his probation.

[¶ 17] The district court's conclusion in this regard is supported by the record. The PSI contains a statement by the victim's mother that the claims made by her daughter's foster mother were "outlandish," there was no way Mr. Jackson could have been the perpetrator, she believed her daughter was coerced into saying Mr. Jackson did it and, if her daughter was molested, it was by the person she identified later in her written statement and testimony. The PSI was prepared and provided to the parties and the district court on January 7, 2009, prior to the January 23, 2009, hearing when Mr. Jackson's conviction was deferred and he was placed on probation. At the hearing, defense counsel stated that he had received the PSI and indicated he had reviewed it. No mention was made of the mistaken identity issue. Mr. Jackson proceeded to enter a guilty plea to the charge despite his awareness of the allegation that the victim had been coerced into identifying him when someone else was the actual perpetrator. The district court did not abuse its discretion in concluding the evidence was not newly discovered and no facet of its ruling in this regard was arbitrary or capricious.

[¶ 18] The second reason the district court gave for denying the motion to withdraw was that it was not persuaded by the testimony or written statement of the victim. In its decision letter, the district court stated:

> The victim was obviously well rehearsed to repeat her recantation as it related to the identity of the individual who victimized her. Her stated motive was to free herself from "sin", apparently for having misidentified the defendant to authorities. She went on to say generally that her reason for misstating the identity was pressure from "Kara", whom the Court gleans from the presentation was a custodian or perhaps foster parent during a two-and-a-half year period she lived outside her parents' home. No explanation of any motive "Kara" would have had was supplied. The girl's dated statement was made and signed "for court". It was signed in May

after Defendant's counsel's April notification to the Court that withdrawal of the plea was imminent.

The court went on to note that it was persuaded to some degree by the State's argument that the victim's change of testimony was motivated by her return to living with her mother and Mr. Jackson's pending probation revocation. The district court concluded, "The victim's statements under oath and [in writing] lack any internal marker of consistency."

[¶ 19] Mr. Jackson asserts that because the victim was the sole witness to the sexual assault, she changed her story about who molested her, her credibility was not impeached, and her testimony was not improbable or inconsistent with other facts and circumstances shown, the district court could not arbitrarily reject her statements and testimony but had to accept them as true. Implicit in the district court's ruling is the finding that the victim's written statement and testimony recanting her earlier identification of Mr. Jackson as her molester were not believable. We do not second guess a district court's credibility determinations because it has the opportunity to observe the witness's demeanor. *TMC v. Dep't of Family Servs.*, 2011 WY 119, ¶ 27, 258 P.3d 704, 710 (Wyo.2011).

[¶ 20] Additionally, in the context of motions for new trial based upon alleged recanted testimony, we have said the weight to be given such testimony is for the district court to determine and the motion should be granted only when that court is satisfied the recantation is true. *Garza v. State*, 2010 WY 64, ¶ 11, 231 P.3d 884, 889 (Wyo.2010), citing *Brown v. State*, 816 P.2d 818, 822 (Wyo.1991). We have also said, "Recanted testimony should be viewed with the utmost suspicion, [citation omitted], and when a motion for a new trial, based upon recantation, is denied by the trial court, this court will ordinarily be bound by that decision." *Garza*, ¶ 11, 231 P.3d at 889.

[¶ 21] In the present case, the district court was in the best position to determine the credibility of the witness, and concluded based upon what it saw and heard that the recantation was not credible. From the record before us, we find nothing to indicate the district court could not reasonably have concluded as it did or that some facet of its ruling was arbitrary or capricious.

[¶ 22] We affirm the district court's denial of Mr. Jackson's motion to withdraw his guilty plea.