2012 WY 61

Christina CLARK, Appellant (Defendant),

v.

The STATE of Wyoming, Appellee (Plaintiff).

No. S–11–0123.

Supreme Court of Wyoming.

April 19, 2012.

Representing Appellant: Diane Lozano, State Public Defender, PDP; Tina N. Olson, Appellate Counsel; Kirk A. Morgan, Senior Assistant Appellate Counsel.

Representing Appellee: Gregory A. Phillips, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Matthias L. Sayer, Assistant Attorney General.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

KITE, Chief Justice.

[¶1] Pursuant to a plea agreement, Christina Clark pled guilty to two counts of third degree sexual abuse of a minor. The district court sentenced her to two concurrent terms of six to ten years in prison. She appealed from the judgment and sentence, claiming her guilty pleas were not voluntary and she is entitled to a new sentencing hearing because the district court failed to mention probation in the written judgment and sentence. We affirm but remand for entry of an amended judgment.

## ISSUES

[¶2] Ms. Clark presents the following issues for this Court's determination:

I. Did the district court err in accepting appellant's guilty plea, as there was not an adequate foundation established to ensure that it was a voluntarily and informed decision?

II. Is reversal for a new sentencing required under the rule mandated in

*Trumbull v. State,* 2009 WY 103, 214 P.3d 978 (Wyo.2009)?

[¶ 3] The State asserts the district court properly accepted Ms. Clark's guilty pleas after receiving sufficient information to ensure they were the product of a voluntary and informed decision. The State also contends the district court appropriately considered probation as an alternative sentence as required by *Trumbull* and its failure to so state in the written judgment was merely a clerical error requiring remand to correct the omission.

## FACTS

[¶ 4] In May of 2010, Ms. Clark was charged with six counts of third degree sexual abuse of a minor in violation of Wyo. Stat. Ann. § 6–2–316(a)(ii) (LexisNexis 2011). The information alleged that on May 11, 2010, Ms. Clark, then age 34, engaged in sexual activity with a 16 year old female while in a position of authority over the victim. The probable cause affidavit alleged that Ms. Clark was the victim's legal guardian.

[¶ 5] After her arrest, Ms. Clark's attorney filed a motion requesting the district court to order her to be evaluated at the Wyoming State Hospital pursuant to Wyo. Stat. Ann. § 7–11–303 (LexisNexis 2009) to determine whether she suffered from a mental illness or deficiency.[1] The district court granted the motion and Ms. Clark was transported to the Wyoming State Hospital. The forensic psychologist who evaluated Ms. Clark concluded she was competent. Before the court and counsel were aware of the finding, Ms. Clark entered pleas of not guilty by reason of mental illness. The parties subsequently reached a plea agreement pursuant to which Ms. Clark agreed to plead guilty to two counts and the State agreed to dismiss the other four counts and accept the sentencing recommendations contained in the pre-sentence investigation report (PSI). The district court sentenced Ms. Clark to six to ten years in prison. Although the district

court considered and rejected probation at the sentencing hearing, the judgment and sentence does not reflect that it did so as required by W.R.Cr.P. 32.

## STANDARD OF REVIEW

[¶ 6] We review claims concerning the voluntariness of a guilty plea *de novo. Sena v. State,* 2010 WY 93, ¶ 9, 233 P.3d 993, 996 (Wyo.2010). We also review *de novo* the question of whether a district court's judgment and sentence comply with the requirements of W.R.Cr.P. 32. *Washington v. State,* 2011 WY 132, ¶ 12, 261 P.3d 717, 721 (Wyo.2011).

## DISCUSSION

### 1. Voluntariness of Plea

[¶ 7] Ms. Clark contends that during her change of plea hearing, the district court did not obtain sufficient information to ensure that her guilty pleas were informed and voluntary. W.R.Cr.P. 11 sets forth the procedures for courts to follow in determining whether a defendant's plea is voluntary and entered with an understanding of the charges and penalties, his or her rights and the consequences of pleading guilty. The Rule provides in relevant part:

(b) *Advice to defendant.—*... before accepting a plea of guilty ... to a felony ... the court must address the defendant personally in open court and, unless the defendant has been previously advised by the court on the record and in the presence of counsel, inform the defendant of, and determine that the defendant understands, the following:

(1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law and other sanctions which could attend a conviction....

    ....

1. Section 7–11–303 allows district courts to order an examination of an accused to determine whether he or she has a mental illness or deficiency which renders him or her unable to comprehend the situation, understand the nature and object of the proceedings, conduct a defense in a rational manner, and cooperate with counsel.

(2) The defendant has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent the defendant;

(3) The defendant has the right to plead not guilty or to persist in that plea if it has already been made, the right to be tried by a jury and at that trial the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to court process to obtain the testimony of other witnesses, and the right against compelled self-incrimination;

(4) If a plea of guilty ... is accepted by the court there will not be a further trial of any kind, so that by pleading guilty ... the defendant waives the right to a trial; and

   . . . .

(d) *Insuring that plea is voluntary.*—The court shall not accept a plea of guilty ... without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. The court shall also inquire as to whether the defendant's willingness to plead guilty ... results from prior discussions between the attorney for the state and the defendant or the defendant's attorney.

   . . . .

(f) *Determining accuracy of plea.*—Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea.

[¶ 8] The general purpose of the rule is to assist the district court in making the constitutionally required determination that a defendant's guilty plea is truly voluntary. *Sena,* ¶ 9, 233 P.3d at 996. We examine as a whole the procedure a district court followed before accepting a guilty plea to determine if it "sufficiently described the nature of the charges, including the possible penalties; informed the defendant of the right to representation; informed the defendant of the rights waived by a guilty plea; and obtained a factual basis for the plea." *Id.,* quoting

*Van Haele v. State,* 2004 WY 59, ¶ 12, 90 P.3d 708, 711 (Wyo.2004). These procedural requirements are intended to assure that the defendant is not misled into an unintentional waiver of substantial rights. *Sena,* ¶ 9, 233 P.3d at 996, citing *Reyna v. State,* 2001 WY 105, ¶ 9, 33 P.3d 1129, 1132 (Wyo.2001). A guilty plea will stand when the totality of the circumstances demonstrates the defendant made a voluntary and intelligent choice to plead guilty from alternative choices available and understood the consequences of a guilty plea. *Sena,* ¶ 9, 233 P.3d at 996, citing *Maes v. State,* 2005 WY 70, ¶ 9, 114 P.3d 708, 710 (Wyo.2005).

■ [¶ 9] Ms. Clark asserts the procedure the district court utilized at her re-arraignment hearing was not adequate because: 1) she appeared in court with two other defendants charged with unrelated crimes; 2) the district court did not read her rights to her individually but read them one time for all three defendants; 3) it was the only time the charges were read to her because she had waived her preliminary hearing and waived the reading of the charges at her initial arraignment; 4) she had mental health and competency issues; 5) she had no memory of the events giving rise to the charges; and 6) she had never before been in trouble with the law. The State responds that the district court complied with the procedural requirements of Rule 11, the forensic psychiatrist concluded she was fit to proceed, and his evaluation belies Ms. Clark's claim that she did not remember the events giving rise to the charges.

[¶ 10] At the re-arraignment hearing, the district court advised Ms. Clark of her right to an attorney at every stage of the proceedings, remain silent, be presumed innocent, a speedy, public trial, confront witnesses, present evidence, testify or not testify, subpoena witnesses and appeal. After advising her of those rights, the court asked Ms. Clark if she understood them. She responded, "Yes, I do." The district court then advised her that if she pled guilty or was found guilty by a jury, she could face penalties besides imprisonment, such as a payment to the crime victim's compensation fund, court fees, paying for a substance abuse assessment, attor-

ney fees, victim restitution, and registration as a sex offender. The court also advised that being adjudged guilty of a felony would lead to loss of the right to vote, serve on a jury, hold public office and possess weapons. The court explained that a plea of guilty would result in a waiver of the right to trial by jury while a plea of not guilty would result in a trial by jury. The court also advised Ms. Clark that the court was not a party to and was not bound by any plea agreement. With those advisements, the court asked Ms. Clark if she had any questions. She responded, "No, sir."

[¶ 11] The district court then asked the prosecutor whether there was a plea agreement in effect. The prosecutor responded that there was, Ms. Clark would be pleading guilty to counts 1 and 2, the State would dismiss counts 3 through 6, and the State would follow the PSI recommendations with regard to sentencing. The district court asked Ms. Clark if the prosecutor's description was consistent with her understanding of the agreement and she replied, "Yes, Your Honor." The district court asked if she was under the influence of any drug, alcohol or medication. She replied, "No, sir." The court further inquired whether she had any sort of disability making it difficult for her to understand the proceedings and she said, "No." The court asked whether she could read and write the English language, to which she responded, yes; how far she had gone in school, to which she stated, 9th grade; when and where she was born and for her social security number. She responded appropriately to these questions. The following exchange then occurred:

THE COURT: Ms. Clark, the charge against you is—the first charge is that on or about May 11th, this year, you as an adult female inflicted sexual intrusion on a minor female by penetrating her genitals digitally.

Do you understand that charge?

[Ms. Clark]: Yes, Your Honor.

THE COURT: That carries with it a maximum potential punishment of 15 years' imprisonment, a $10,000 fine, or both.

The second charge against you is on May 11th, this year, you inflicted sexual intrusion on a minor female, by performing oral sex on her.

Do you understand that charge?

[Ms. Clark]: Yes, Your Honor.

THE COURT: Both of these charges involve a situation where you were in a position of authority over this minor.

Do you understand that?

[Ms. Clark]: Yes.

THE COURT: And the maximum potential punishment for the last charge—in fact, for both charges, is 15 years' imprisonment, a $10,000 fine, or both.

[Defense counsel], is your client ready to plead?

[Defense counsel]: I believe she is, Your Honor.

THE COURT: To those charges, how do you plead?

[Ms. Clark]: Guilty.

THE COURT: Has anyone forced or coerced you into making this plea against your will?

[Ms. Clark]: No, Your Honor.

THE COURT: .... [prosecutor], you want to set forth the factual basis?

[Prosecutor]: Your Honor, the case was brought to the attention of law enforcement here on the allegations of activities that occurred in Platte County.

During the investigation and interview with Ms. Clark, it was determined that on the date of May 11th, this year, she had in fact had both digital and oral sex with a minor child, who she had legal guardianship from as a written legal guardianship from the minor child's mother.

She admitted to those acts when interviewed by law enforcement.

THE COURT: Okay.

All right, [defense counsel], do you have any dispute the state would be able to put on such evidence?

[Defense counsel]: We do not dispute that, Your Honor.

THE COURT: I find that there is a factual bases for the plea, and the plea has been made voluntarily.

[¶ 12] From the totality of these circumstances, we conclude Ms. Clark made a voluntary and intelligent choice to plead guilty from alternative choices available to her and understood the consequences of her plea. There is nothing we can glean from the circumstances of her plea which causes us to conclude otherwise. Rule 11 does not require a district court to ensure an accused appears to enter a plea outside the presence of others accused of criminal offenses nor does the rule require the court to read the rights outlined therein individually to each accused. Here, there were three defendants in the courtroom, all apparently represented by the same attorney. The district court addressed them collectively in reading their rights. Importantly, however, the court addressed Ms. Clark individually when asking her whether she understood her rights and had any questions. The court also addressed her individually when it inquired about her understanding of the plea agreement in relation to the prosecutor's description, whether she was under the influence of any substance or had any disability affecting her ability to understand the proceedings, and about her date and place of birth, education and social security number.

[¶ 13] The fact that the re-arraignment hearing was the only time the charges were read to her does not change our conclusion that she made a voluntary and informed choice to plead guilty. The district court read the charges and she stated that she understood them. Additionally, in waiving the reading at the initial arraignment, defense counsel stated that Ms. Clark was aware of the charges. There is nothing to indicate she did not understand the charges to which she was pleading guilty.

[¶ 14] Ms. Clark makes much of her alleged mental health issues as a factor requiring more of the district court in her particular case. At the time of the change of plea hearing, however, the district court had before it the forensic psychiatrist's opinion that she did not have a mental illness or deficiency rendering her unable to comprehend her situation and the nature of the proceedings against her. Ms. Clark points to her claimed lack of memory about the events giving rise to the criminal charges as another reason the district court should have done more to ensure her plea was a voluntary and informed choice. While her claimed lack of memory is mentioned in the report of psychiatric evaluation, the report also notes that over the course of the interviews she recalled things she had previously denied remembering and at one point mentioned specific physical evidence from the events that might be used against her. The record does not support her assertion that any mental health issues should have alerted the district court to inquire more deeply and thoroughly about her understanding of her situation.

[¶ 15] Ms. Clark also briefly mentions that the district court did not have her personally acknowledge the factual basis presented by the prosecutor. Had the court done so, she asserts, it would have clarified whether her plea was really the product of an informed choice. As we have said before, it is far preferable for Rule 11 proceedings to be conducted so that the record discloses a factual basis composed of the defendant's testimony and admissions and/or the State's presentation of evidence. *Jackson v. State,* 2012 WY 56, ¶ 12, 273 P.3d 1105 (Wyo.2012). Where, as here, however, there is nothing in the record indicating the defendant did not understand the crime charged in relation to the factual basis presented, we hold that the district court adequately scrutinized the guilty plea and determined that there was a factual basis for the plea.

**2.  *Lack of Compliance With W.R.Cr.P. 32***

[¶ 16] W.R.Cr.P. 32 provides in relevant part as follows:

**Rule 32.  Judgment and sentence.**

    . . . .

    (c)  *Sentence.*—

    . . . .

    (2)  Contents.—A written sentence shall be signed by the judge and entered by the clerk of court without delay. The sentence may be included in the judgment or separately entered  . . . . as a minimum the sentence shall:

    . . . .

(D) If probation is not granted, state whether probation was considered by the court[.]

[¶ 17] Considering this rule in *Trumbull*, ¶ 16, 214 P.3d at 982, this Court said:

[T]he district court's handling of the issue of probation at sentencing involves a fundamental right, and we consider it too important to be decided on the basis of treating the district court's absolute silence as a tacit "consideration" of probation. In the face of the matter having been broached to the trial court, an implied, but not actually expressed rejection of probation simply does not suffice. The rule we adopt today requires that the district court meaningfully adhere to the requirement that probation be considered as an alternative sentence in accordance with the governing rule and our many precedents on that subject (excepting cases punishable by death, life without parole, or a life sentence). Failure to express that plainly in the written sentence will result in reversal of the sentence.

Relying on this holding, Ms. Clark asserts she is entitled to a reversal of her sentence because the district court did not express in the written sentence that it considered probation.

■ [¶ 18] In *Trumbull*, the primary issue before the district court at sentencing was whether it would place the defendant on probation as recommended in the PSI. The district court, however, imposed a term of imprisonment without ever mentioning the word probation at any point in the proceedings or in the written judgment and sentence. Under those circumstances, we concluded the sentence must be reversed and the case remanded for reconsideration of the sentence. In reaching that result, the Court held that the failure to state in the written sentence that probation was considered would result in reversal.

[¶ 19] In contrast to *Trumbull* where the district court never mentioned probation during the sentencing hearing or in its written sentence, the district court in Ms. Clark's case clearly did consider probation during the sentencing hearing. After listening to defense counsel's arguments as to why any

sentence imposed should be suspended in favor of probation in order to allow Ms. Clark to continue treatment, the district court stated:

Ms. Clark, there are two—as I'm required to do, as I always do, I consider probation.

The—there are a number of things I must consider. One is about how you're doing in rehabilitation and how you're going to come about and how things are going to work out for you—what is the best course for you.

Secondly, I also have to think about the safety of the community. And of course punishment.

And . . . from what I read and . . . from what I'm hearing, and from what [defense counsel] has told me, I'm convinced that you have some issues with emotional stability, and so forth.

I'm also struck by the seriousness of what happened here. You at the time were in your mid 30s, and you were having sex with some kid. It's something that can't happen. It's wrong. It's . . . completely criminal behavior. And especially when you were in a position of authority over this child at the time.

. . . .

I think that—because of what I'm hearing, I think that there is probably some component here that may mitigate this a little bit in the sense of your emotional well-being, but, nevertheless, I have to treat this case seriously, and it has to be treated in a way that is commensurate also with the crime.

So I'm going to sentence you to prison. . . .

There is no question the district court in this case considered probation during the sentencing hearing. It seems clear the district court's failure to state in the written sentence that it had considered probation was inadvertent. Given that the district court clearly did consider probation before imposing a prison sentence, we decline to order a new sentencing hearing as we did in *Trum-*

*bull;* instead, we remand to the district court with directions to enter an amended sentence reflecting that it considered probation in accordance with W.R.Cr.P. 32(c)(2)(D).

[¶ 20]   We affirm Ms. Clark's conviction and sentence and remand to the district court for entry of an amended sentence in accordance with this opinion.