2010 WY 139

**Richard John WINSTED, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. S-10-0011.

Supreme Court of Wyoming.

Oct. 26, 2010.

Representing Appellant: H. Michael Bennett, H. Michael Bennett, PC, Cheyenne, Wyoming.

Representing Appellee: Bruce A. Salzburg, Attorney General; Terry L. Armitage, Senior Assistant Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Craig C. Cook, Student Intern; Anna C. Swain, Student Intern.

\* Chief Justice at time of expedited conference.

Before KITE, C.J., and GOLDEN, HILL, VOIGT \*, and BURKE, JJ.

BURKE, Justice.

[¶ 1]  Appellant, Richard John Winsted, pleaded no contest to one count of knowingly possessing a deadly weapon with intent to unlawfully threaten the life or physical well-being of another, in violation of Wyo. Stat. Ann. § 6–8–103 (LexisNexis 2007).  Prior to sentencing, he filed a motion to withdraw his no contest plea.  The district court denied the motion and he challenges that decision in this appeal.  We affirm.

### ISSUE

[¶ 2]  Mr. Winsted presents one issue: Whether the district court abused its discretion by denying defendant's motion to withdraw no contest plea prior to sentencing.

### FACTS

[¶ 3]  On November 12, 2008, at 12:20 a.m., officers from the Casper Police Department responded to a report of possible gunfire at an apartment complex.  An initial investigation revealed no signs of shots fired and the officers left the scene.  At 7:15 a.m., the management of the apartment complex contacted the police with information that they had located a bullet hole and spent bullet.  The officers attempted to contact the resident of the apartment from which the bullet had been fired, but were unsuccessful. The officers then entered the apartment, using a key provided by management, to determine whether anyone in the residence had been injured.  Once inside, officers observed Mr. Winsted crouched behind a bed.  He held a shotgun which was positioned on top of the bed and pointed directly at the officers.

[¶ 4]  The officers retreated and called for backup.  Eventually, the officers convinced Mr. Winsted to surrender.  He admitted to the officers that a shot was fired in his apartment but claimed that it occurred accidentally while he was cleaning a pistol.  He was charged with two felony counts, one stemming from the pistol shot in the apart-

ment, and the other from the threat to the officers from the shotgun.[1] Mr. Winsted entered a plea of not guilty to both charges.

[¶ 5] Mr. Winsted subsequently entered into a plea agreement with the State. As part of the agreement, Mr. Winsted agreed to plead no contest to Count II. In return the State agreed to dismiss Count I and a DWUI charge pending in circuit court. He entered the plea on June 30, 2009 and was released from jail pending sentencing. On August 6, 2009, prior to sentencing, Mr. Winsted filed a motion seeking to withdraw his plea pursuant to W.R.Cr.P. 32(d). After a hearing, the district court issued an order denying the motion. At a subsequent sentencing hearing, the district court placed Mr. Winsted on probation in accordance with the plea agreement. He timely filed this appeal.

### STANDARD OF REVIEW

[¶ 6] We review a district court's decision to deny a motion to withdraw a guilty plea for an abuse of discretion. *Frame v. State*, 2001 WY 72, ¶¶ 7, 9, 29 P.3d 86, 89, 90 (Wyo.2001). In determining whether there has been an abuse of discretion, we focus on the "reasonableness of the choice made by the trial court." *Vaughn v. State*, 962 P.2d 149, 151 (Wyo.1998). If the trial court could reasonably conclude as it did and the ruling is one based on sound judgment with regard to what is right under the circumstances, it will not be disturbed absent a showing that some facet of the ruling is arbitrary or capricious. *Rolle v. State*, 2010 WY 100, ¶ 9, 236 P.3d 259, 264 (Wyo.2010).

### DISCUSSION

[¶ 7] Mr. Winsted sought to withdraw his plea prior to sentencing. In such circumstances, "the court may permit with-

drawal of the plea upon a showing by the defendant of any fair and just reason." W.R.Cr.P. 32(d). A defendant has no absolute right to withdraw a plea of guilty before sentence is imposed. *McCard v. State*, 2003 WY 142, ¶ 6, 78 P.3d 1040, 1042 (Wyo.2003). "[W]here the strictures of W.R.Cr.P. 11 have been met, and the defendant intelligently, knowingly, and voluntarily entered into his plea of guilty, the district court's decision to deny such a motion is within its sound discretion." *Frame*, ¶ 7, 29 P.3d at 89.

> Seven factors have been suggested as pertinent to the exercise of the courts discretion: (1) Whether the defendant has asserted his innocence; (2) whether the government would suffer prejudice; (3) whether the defendant has delayed in filing his motion; (4) whether withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was present; (6) whether the original plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources. 3 Wright, King & Klein, Federal Practice and Procedure: Criminal 2d 538 (Supp.2001); *United States v. Black*, 201 F.3d 1296, 1299–1300 (10th Cir.2000).

*Id.* The defendant has the burden of establishing a fair and just reason for withdrawal of a plea before sentence is imposed. *Major v. State*, 2004 WY 4, ¶ 14, 83 P.3d 468, 473 (Wyo.2004). For the purposes of an appeal, a plea of no contest is functionally equivalent to a guilty plea. *Id.*, ¶ 11, 83 P.3d at 472.

[¶ 8] In his motion to withdraw, Mr. Winsted asserted that, after his release, he was able "to procure funds to hire private counsel and would now like to exercise his right to a trial by jury." He based his motion on his contention that "allowing him to proceed to trial with the counsel of his

---

1. Count I was charged under Wyo. Stat. Ann. § 6–2–502(a)(iii):

   (a) A person is guilty of aggravated assault and battery if he:
   . . .
   (iii) Threatens to use a drawn deadly weapon on another unless reasonably necessary in defense of his person, property or abode or to prevent serious bodily injury to another[.]

Count II was charged under Wyo. Stat. Ann. § 6–8–103:

A person who knowingly possesses, manufactures, transports, repairs or sells a deadly weapon with intent to unlawfully threaten the life or physical well-being of another or to commit assault or inflict bodily injury on another is guilty of a felony punishable by imprisonment for not more than five (5) years, a fine of not more than one thousand dollars ($1,000.00), or both.

choice after making arrangements to hire private counsel is a fair and just reason contemplated under the rule."

[¶ 9]  The State resisted the motion contending that the "fact [that] Defendant has been able to obtain a Monday morning quarterback as a lawyer does not meet the standard as espoused under Rule 32."  The State urged the court to apply the seven factors identified in *Frame,* and contended that proper application of those factors mandated denial of the motion.  The State pointed out that as a result of the plea agreement, it had dismissed Count I in the instant case and had also dismissed the DWUI charges against Mr. Winsted in Natrona County Circuit Court Docket No. CR–2008–3252.

[¶ 10]  A hearing on the motion was held on September 8, 2009.  Mr. Winsted was represented by his appointed counsel.  Mr. Winsted's "private counsel" was also present and, although he never entered a formal appearance, was allowed to comment at the hearing.  No evidence was presented.  The arguments of counsel focused primarily on the application of the seven factors identified in *Frame.*

[¶ 11]  The district court issued an Order Denying Motion to Withdraw No Contest Plea on September 17, 2009.  In its order, the court addressed each of the *Frame* factors.  The court stated:

8.  With respect to the first of the factors set forth in *Frame v. State*—whether the Defendant has asserted his innocence, the facts presented in this case include that the Defendant initially pled not guilty to the two charges brought against him in this case, but that he freely and voluntarily entered a nolo contendere plea to the charge in Count Two of the Amended Information (possession of a deadly weapon with unlawful intent), and that he did not contest that the State of Wyoming would be able to produce evidence to support that charge.

9.  With respect to the second of the factors set forth in *Frame v. State*—whether the government would suffer prejudice, the circumstances presented in this case indicate that there would be substantial prejudice to the State of Wyoming because of

(a) the dismissal of the charge in Count One of the Amended Information (aggravated assault and battery), (b) the dismissal of the charges against Defendant in Seventh Judicial Circuit Court, CR 2008–3252 [the DWUI charge], and (c) the need of the prosecution to again pursue trial preparation after a delay in the proceedings.

10.  With respect to the third of the factors set forth in *Frame v. State*—whether the Defendant has delayed in filing his motion, there was a delay from June 30, 2009 to August 6, 2009 in bringing the motion to withdraw the nolo contendere plea.

11.  With respect to the fourth of the factors set forth in *Frame v. State*—whether withdrawal would substantially inconvenience the court, the situation presented in this case would result in an inconvenience in scheduling a hearing to address the status of the initial charges against the Defendant and rescheduling the case for trial, but it cannot be concluded that such would result in a substantial inconvenience.

12.  With respect to the fifth of the factors set forth in *Frame v. State*—whether close assistance of counsel was present, the facts presented in this case indicate that the Defendant was diligently represented by counsel during all stages of the proceeding, including the negotiation of a plea agreement and the change of plea proceeding hereunder review, and there is nothing to suggest that appointed counsel's assistance was inadequate or unavailable.  (Footnote omitted.)

13.  With respect to the sixth of the factors set forth in *Frame v. State*—whether the original plea was knowing and voluntary, the undisputed facts are that the Defendant was fully advised of the charges against him, that the Defendant was fully advised of his rights under Rule 11 of the Wyoming Rules of Criminal Procedure, and that his plea of nolo contendere to the charge in Count Two of the Amended Information was knowingly and voluntarily made, without any improper inducement or condition, free of coercion, and with an

understanding of the charge and its consequences.

14. With respect to the seventh of the factors set forth in *Frame v. State*— whether the withdrawal would waste judicial resources, the situation is one in which the withdrawal of the plea would squander judicial resources and the time and efforts of the prosecutor and defense attorney.

[¶ 12] In this appeal, Mr. Winsted attempts to satisfy the abuse of discretion standard by raising several issues that were not presented to the district court. He also fails to provide factual support for his position. By way of illustration, we first address Mr. Winsted's contention on appeal that he should be allowed to withdraw his plea because he did not understand that he would not be able to own firearms if convicted of the felony charge. There are two fundamental flaws with this argument. First, Mr. Winsted never raised this issue in his motion to withdraw or in his argument to the district court on his motion. Second, Mr. Winsted was clearly and unequivocally advised of the risk at the change of plea hearing. He told the court that he understood that risk:

> THE COURT: Also, [the offense] would be a felony-level offense, so it would result in a loss of civil rights including the rights to vote; to serve on a jury; *to own and possess firearms;* and to hold public office. Do you understand the other possible consequences of a conviction of the charge that I read?
>
> [Mr. Winsted]: Yes, I do, Your Honor.

(Emphasis added.)

[¶ 13] On appeal, Mr. Winsted also suggests that he was pressured into entering the plea because of his lengthy confinement and that he may have received inadequate assistance of counsel. These issues also were not raised in his motion to withdraw his plea. At the change of plea hearing, Mr. Winsted clearly and unequivocally advised the district court that his plea was voluntary and that he was satisfied with the performance of his counsel:

> THE COURT: You're making your plea voluntarily then?
>
> [Mr. Winsted]: Yes.

> THE COURT: Are you making your plea after consultation with your attorney, [Defense Counsel]; and are you satisfied with his representation?
>
> [Mr. Winsted]: Yes, sir.
>
> THE COURT: [Defense Counsel], have you had an opportunity to fully consult with Mr. Winsted concerning his proposed plea here today and any proposed plea agreement in the case?
>
> [Defense Counsel]: Yes, I have, sir. Thank you.

[¶ 14] Mr. Winsted does not identify any factual or legal error made by the district court in applying the *Frame* factors. He merely contends that the court abused its discretion in applying the factors. He asserts that a no contest plea is not the same as a guilty plea. He maintains that any imposition on judicial resources is outweighed by the right of a jury trial and that any inconvenience to the State is minimal. The district court considered these arguments and, after weighing all of the factors, concluded that the motion should be denied. We can find no abuse of discretion in that decision.

[¶ 15] Mr. Winsted concedes that the district court complied with the requirements of W.R.Cr.P. 11. He was adequately advised of his rights and the consequences of his plea. He told the district court that he understood his rights, that he was satisfied with his counsel, and that he was voluntarily entering his plea. He did not contend otherwise at the hearing or in his motion to withdraw his plea. Mr. Winsted sought to withdraw his plea on the basis that he had hired "private counsel." Essentially, he changed his mind and wanted to go to trial. The district court found that was not a "fair and just" reason and denied the motion.

[¶ 16] A fair and just reason includes inadequate plea colloquies, newly discovered evidence, intervening circumstances, or other reasons that did not exist when the defendant entered the plea. *See United States v. Ortega–Ascanio,* 376 F.3d 879, 883 (9th Cir.2004). The reason must be something more than the wish to have a trial, or belated misgivings about the plea. *See State*

*v. Jenkins,* 303 Wis.2d 157, 736 N.W.2d 24, 34 (2007). If an appropriately conducted Rule 11 proceeding is to serve a meaningful function, on which the criminal justice system can rely, it must be recognized to raise a strong presumption that the plea is final and binding. *United States v. Battle,* 499 F.3d 315, 321 (4th Cir.2007). Withdrawal of the plea would needlessly waste judicial resources and the time and efforts of the parties involved. It is also undisputed that the State would suffer some degree of prejudice. The State, relying on the plea agreement and entry of the plea, dismissed Count I and the pending DWUI charge in circuit court. In order to pursue those charges, the State would be required to initiate new criminal proceedings. Trial on all charges would be delayed. Witness' loss of memory during this time period, or their unavailability, could unfairly prejudice the State.

[¶ 17] Mr. Winsted had the burden of establishing a fair and just reason for withdrawal of his plea. The district court thoroughly considered each of the *Frame* factors and determined that Mr. Winsted had failed to meet that burden. The district court's decision was reasonable given the facts and circumstances presented at the hearing on the motion to withdraw.

[¶ 18] Affirmed.