# IN THE SUPREME COURT, STATE OF WYOMING

## 2020 WY 75

### APRIL TERM, A.D. 2020

### June 15, 2020

GREGORY CLYDE WANBERG,

Appellant
(Defendant),

v.

S-19-0199

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Laramie County*
The Honorable Steven K. Sharpe, Judge

*Representing Appellant:*

Office of the State Public Defender: Diane Lozano, State Public Defender; Kirk A. Morgan, Chief Appellate Counsel; Desiree Wilson, Senior Assistant Appellate Counsel.

*Representing Appellees:*

Bridget Hill, Wyoming Attorney General; Jenny L. Craig, Deputy Attorney General; Joshua C. Eames, Senior Assistant Attorney General; Catherine Mercer, Assistant Attorney General.

*Before DAVIS, C.J., and FOX, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made before final publication in the permanent volume.**

**KAUTZ, Justice.**

[¶1]     Gregory Clyde Wanberg pled no contest to aggravated assault and battery against a pregnant woman in violation of Wyo. Stat. Ann. § 6-2-502(a)(iv) (LexisNexis 2019). Before sentencing he moved to withdraw his plea, alleging that the complaining witness had recanted.  Mr. Wanberg claims the district court abused its discretion when it denied his motion.  We affirm the district court's decision, but for different reasons than stated by the district court.

[¶2]     Mr. Wanberg also claims the written judgment entered against him imposed a greater sentence than that found in the district court's oral pronouncement.  The State concedes the written sentence varies from the district court's oral statement at sentencing and the matter should be remanded.  We agree.

## ISSUES

[¶3]     Mr. Wanberg presents the following issues for our review:

1. Whether the district court abused its discretion when it denied Mr. Wanberg's motion to withdraw his no contest plea.

2. Whether the district court's written sentence differed from its oral pronouncement, requiring a remand.

## FACTS

[¶4]     On January 5, 2018, someone called 911 from a residence in Laramie County, Wyoming, but hung up before talking to a dispatcher.  Deputies went to the residence and met Koriena Fantetti who acknowledged she made the phone call.  Deputy R. Montgomery provided an Affidavit of Probable Cause, recounting Ms. Fantetti's statements.  Ms. Fantetti stated Mr. Wanberg knew she was 5 months pregnant and he had been living off and on with her at the residence.  On January 4, she "attempted to leave the residence, but Mr. Wanberg chased after her and prevented her from leaving by using physical force and verbal threats."  The next day she "attempted to sneak out of the residence" and "made it to a vehicle."  She said Mr. Wanberg came out of the residence, "punched [her] in the left cheek with a closed fist and told her she was not going anywhere."  She told Deputy Montgomery that she felt "a pain of 4 on a scale from 0 to 10."  The deputy observed "signs of bruising on her left cheek which [was] consistent with being hit with a closed fist."

[¶5]     The State charged Mr. Wanberg with kidnapping, aggravated battery on a pregnant woman, and domestic battery.  Pursuant to a plea agreement, Mr. Wanberg pled "no contest" to the aggravated battery charge on July 5, 2018.  In exchange, the State dismissed the other two charges and agreed not to charge Mr. Wanberg with witness intimidation in

1

a separate matter. The State also agreed to recommend probation. The district court accepted the facts in the Affidavit of Probable Cause as a sufficient factual basis to support Mr. Wanberg's no contest plea.

[¶6]    The district court attempted to conduct a sentencing hearing on December 20, 2018. At the hearing, defense counsel expressed concern about Mr. Wanberg's fitness to proceed but did not mention anything about Mr. Wanberg wanting to withdraw his plea or about a witness recanting. The district court continued the sentencing hearing and ordered that Mr. Wanberg be evaluated at the Wyoming State Hospital. Eventually, he was found fit to proceed.

[¶7]    Mr. Wanberg again appeared before the district court on March 7, 2019. The court addressed Mr. Wanberg's bond, and defense counsel requested "a week at least" before a sentencing hearing. No one mentioned anything about a plea withdrawal or a witness recanting.

[¶8]    The district court set a second sentencing hearing on April 29, 2019. That same day, but before the sentencing hearing, Mr. Wanberg filed a Motion to Withdraw Plea of No Contest. In his motion, Mr. Wanberg claimed "new evidence has come to light." Specifically, he alleged Ms. Fantetti "has now provided defense counsel with a notarized affidavit stating that he did not hit her. The affidavit is dated December 5, 2018." The affidavit was not attached to the motion, and the motion contained no quotes from it.

[¶9]    At the April 29, 2019, hearing the district court began by stating that Mr. Wanberg's counsel had filed a motion to withdraw his plea. The district court then invited counsel to present "arguments as to why you believe that [withdrawal of the plea] . . . is appropriate." Defense counsel informed the court that in December Mr. Wanberg's mother gave him an affidavit "that was apparently signed by Miss Fantetti." He stated, "in that affidavit Miss Fantetti denies across the board that anything ever happened; that she made all of this up."

[¶10]  Defense counsel did not present the affidavit to the court. He did not offer Ms. Fantetti as a witness. He did not offer Mr. Wanberg's mother as a witness, although he stated she was present in the courtroom. In an apparent attempt to explain why Ms. Fantetti was not presented as a witness, counsel stated "we [tried] to get her to the office one time at least. She had an appointment. She didn't show up. Then she called recently, left messages. I haven't gotten back to her. She's that type of a witness, credibility issues. As of late she's made repeated comments to other persons . . . that she made all of this up, Your Honor." Counsel did not identify or call these "other persons" to testify. He simply stated, "should the Court allow for more evidence in this matter before the Court rules on this motion," Mr. Wanberg will "ask for a setting where I would have a subpoena served upon Miss Fantetti to have her come in to testify as to just what happened."

[¶11] The district court asked the State, "if the plea were allowed to be withdrawn, would there be prejudice to the State in this case in terms of your ability to present your case?" The State responded, "I don't believe there would be."

[¶12] The district court made specific findings on six of the seven factors related to withdrawal of a plea listed in *Frame v. State,* 2001 WY 72, 29 P.3d 86 (Wyo. 2001). Based on those findings, the district court concluded "there is no just or fair reason to allow him to withdraw his plea." No written order denying Mr. Wanberg's motion to withdraw his plea appears in the record.

[¶13] After hearing arguments about sentencing, the district court imposed a 3 to 5 year prison sentence. It then stated, "I would suspend that [incarceration], and I would place you on . . . supervised probation for a period of three years." One month later, the district court signed a written Judgment and Sentence which states "probation shall continue for a period of 5 years . . . ."

## DISCUSSION

### 1. Did the district court abuse its discretion when it denied Mr. Wanberg's motion to withdraw his no contest plea?

[¶14] We review the denial of a motion to withdraw a plea for an abuse of discretion. *See Steffey v. State*, 2019 WY 101, ¶ 17, 449 P.3d 1100, 1105 (Wyo. 2019); *Berger v. State*, 2017 WY 90, ¶ 7, 399 P.3d 621, 623 (Wyo. 2017). "A court abuses its discretion only when it could not reasonably decide as it did." *Steffey,* ¶ 18, 449 P.3d at 1105, (citing *Berger,* ¶ 7, 399 P.3d at 623 and *Venard v. Jackson Hole Paragliding, LLC*, 2013 WY 8, ¶ 6, 292 P.3d 165, 168 (Wyo. 2013)); *see also, Chapman v. State*, 2013 WY 57, ¶ 52, 300 P.3d 864, 874 (Wyo. 2013) (under the abuse of discretion standard, we decide "whether the trial court could reasonably conclude as it did and whether any facet of its ruling was arbitrary or capricious" (quotations omitted)). "An abuse of discretion can [also] exist if the wrong law has been applied, the correct law has been applied but incorrectly interpreted, or if the correct law has been improperly applied." *Grove v. Pfister*, 2005 WY 51, ¶ 6, 110 P.3d 275, 278 (Wyo. 2005); *see also, Finley Res., Inc. v. EP Energy E&P Co., L.P.,* 2019 WY 65, ¶ 7, 443 P.3d 838, 842 (Wyo. 2019).

[¶15] Withdrawal of a plea before sentencing is governed by W.R.Cr.P. 32(d) which states: "If a motion for withdrawal of a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason." This rule requires that the defendant show or prove to the court a fair and just reason for withdrawal of his plea. "The defendant has the burden of establishing a fair and just reason for withdrawal of a plea before sentence is imposed." *Steffey*, ¶ 30, 449 P.3d at 1107-08; *Winsted v. State,* 2010 WY 139, ¶ 7, 241 P.3d 497, 499 (Wyo. 2010); *Major v. State,* 2004 WY 4, ¶ 14, 83 P.3d 468, 473 (Wyo. 2004).

[¶16] In *Frame*, this Court outlined seven non-dispositive factors to assist the district court in deciding whether the defendant has established a fair and just reason in support of a motion to withdraw his plea:

> (1) Whether the defendant has asserted his innocence; (2) whether the government would suffer prejudice; (3) whether the defendant has delayed in filing his motion; (4) whether withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was present; (6) whether the original plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources.

*Id.,* ¶ 7, 29 P.3d at 89 (citing 3 Wright, Federal Practice and Procedure: Criminal 2d § 538 (Supp. 2001), and *United States v. Black*, 201 F.3d 1296, 1299-1300 (10th Cir. 2000)). The *Frame* factors are not exclusive or exhaustive, and do not provide a numerical calculation indicating when a "fair and just reason" exists for withdrawal of a plea. "Our intention in setting out the list of factors in *Frame* was to provide guidance to the trial courts in making the determination of whether a defendant has presented a fair and just reason in support of the motion to withdraw his guilty plea. . . . No single factor is dispositive, and the ultimate determination on the motion is based upon whether the defendant has carried his burden of establishing a fair and just reason for withdrawal." *Major*, ¶ 14, 83 P.3d at 473; *see also, United States v. Carr,* 740 F.2d 339, 344 (5th Cir. 1984).

[¶17] The district court made findings on six[1] of the *Frame* factors. First, it found the Government would not be prejudiced by withdrawal of Mr. Wanberg's no contest plea. The district court never mentioned this factor again, although it is logical that whether the government would be prejudiced is important in determining whether it is "fair and just" for the defendant to withdraw a plea.

[¶18] Next, the district court found Mr. Wanberg delayed in filing his motion to withdraw his plea. The record shows Mr. Wanberg's counsel knew of the alleged recantation nearly five months before he filed his motion. His delay indicates the alleged recantation may not have been Mr. Wanberg's true motivation for wanting to withdraw his plea, but instead he became concerned about the consequences he faced as the sentencing date approached. Such a delay bears on whether Mr. Wanberg presented a fair and just reason for withdrawing his plea.

[¶19] The district court then found withdrawal of Mr. Wanberg's plea would inconvenience the court, citing the "status of the Court's docket, the number of cases, the

---

[1] The district court acknowledged the first factor is whether the defendant has asserted his innocence but made no finding on this factor.

4

number[] of days we would be required to try this particular case." The district court did not indicate how an inconvenience to the court's docket had any bearing on whether Mr. Wanberg's reason for withdrawing his plea was fair and just.

[¶20] The *Frame* factors must be considered in the context of whether the defendant has shown a fair and just reason for withdrawing his plea. The factors, if viewed outside that context, may or may not be relevant to whether there is a fair and just reason for withdrawal of a plea. For example, the factor of "substantial inconvenience to the court," viewed in isolation, might indicate that whether a court's calendar is full has some bearing on whether a defendant's reason for withdrawing his plea is fair and just. A defendant's reason for withdrawal of a plea is not necessarily more "fair and just" simply because it is convenient for the court to schedule a trial, and it is not less "fair and just" if the court has a full docket. Withdrawal of a plea almost always results in some "inconvenience" to the court's schedule. This factor is only important when the inconvenience indicates the unfairness of the defendant's reason, as when his motive is to intentionally inconvenience the court or simply delay the proceedings. Here, Mr. Wanberg claimed the victim had recanted. If that was true, it is difficult to see how the court's schedule had anything to do with Mr. Wanberg's reason for withdrawing his plea being fair and just.[2] This factor should not have weighed against Mr. Wanberg.

[¶21] The district court found Mr. Wanberg had close assistance of counsel when he entered his plea. As a result, Mr. Wanberg would have been able to consider the ability of the State to prove its case before he entered his plea. That consideration, even if the victim later recanted, bears negatively on whether he presented a fair and just reason.

[¶22] The next *Frame* factor is whether the original plea was made knowingly and voluntarily. Mr. Wanberg does not claim he did not understand the consequences of his plea, nor does he claim he entered it involuntarily. When a defendant is thoroughly advised regarding the consequences of a plea and voluntarily chooses to plead, it is less likely that anything he knew or could have considered at the time could constitute a fair and just reason for withdrawal of his plea. As indicated above, when Mr. Wanberg pled he could have considered the strength and reliability of the State's witnesses. He would not, however, have known the victim would recant. This factor appropriately has some bearing on whether Mr. Wanberg has shown a fair and just reason for withdrawing his plea.

[¶23] Finally, the district court found "it would be a tremendous waste of judicial resources" to give Mr. Wanberg a trial. When it made this finding, the district court necessarily concluded that if the victim had recanted, her recantation was not believable and would be rejected by a jury. This can be an appropriate finding if the district court has a means by which to evaluate the victim's testimony. Here it did not.

---

[2] It is questionable whether holding trials for defendants accused of crimes can ever be considered an "inconvenience" to a trial court.

5

[¶24] In *Jackson v. State,* 2012 WY 56, 273 P.3d 1105 (Wyo. 2012), the district court denied a defendant's motion to withdraw his plea, in part, because it determined the victim's new statements were not believable. *Id.,* ¶ 20, 273 P.3d at 1112. This court held that when motions to withdraw a plea before sentencing are based on recanted testimony, "the weight to be given such testimony is for the district court to determine and the motion should be granted only when that court is satisfied the recantation is true."[3] *Id.* However, in *Jackson* the defendant provided the district court with the victim's written recantation. The district court had the victim's recanted testimony to review and evaluate for credibility. Here, Mr. Wanberg did not provide any evidence from which the district court could make a credibility determination. Without such evidence, the district court could not have reasonably concluded a trial would be a waste of time.

[¶25] Although the district court misapplied the fourth and seventh *Frame* factors, the district court's denial of Mr. Wanberg's motion nevertheless was appropriate. Wyoming Rule of Criminal Procedure 32(d) requires the defendant to show a fair and just reason in support of his request to withdraw his plea. Mr. Wanberg claimed the victim recanted, but he failed to show any evidence of the recantation. If he had an affidavit, he could have provided it to the court. He could have obtained a subpoena requiring the victim to appear and testify. He could have presented other witnesses he claimed heard the victim's recantation. Mr. Wanberg's argument is that the district court abused its discretion when it did not fully consider what he claims was new evidence, but he never presented that evidence to the district court. The district court recognized the defendant's failure to present any evidence of the recanted testimony. Simply put, the defendant claimed he had a fair and just reason to withdraw his plea in the form of recanted testimony, but he failed to show the same to the court. The defendant completely failed to meet his burden.

[¶26] Mr. Wanberg does not complain he was denied a hearing or an opportunity to prove his claims. Instead, he apparently asserts the district court should have taken his allegation that Ms. Fantetti recanted as true without any evidence. If the district court had not held a hearing, our precedent requires the court accept the allegations as true. *Brock v. State*, 981 P.2d 465, 468 (Wyo. 1999). However, the holding in *Brock* merely requires the district court to take the allegations of a fair and just reason for plea withdrawal as true for the purpose of determining whether or not to hold a hearing on the motion. It does not absolve a defendant of his burden of proving a fair and just reason. Since there was a hearing on the motion to withdraw in this case, *Brock* is simply not applicable here. *Hirsch v. State*, 2006 WY 66, ¶ 21, 135 P.3d 586, 595 (Wyo. 2006).

---

[3] Recanted testimony may or may not be sufficient to establish a fair and just reason for plea withdrawal. The trial court may evaluate the testimony and determine that it likely is true or untrue, or that the testimony should be presented to a jury.

[¶27] The district court's denial of Mr. Wanberg's motion to withdraw his plea is affirmed.

## 2. *Did the district court's written sentence differ from its oral pronouncement, requiring a remand?*

[¶28] Mr. Wanberg contends because the written Judgment and Sentence did not conform to the district court's oral sentence pronouncement his sentence is illegal. Whether a sentence is illegal is a question of law that this Court reviews de novo. *Nitchman v. State,* 2018 WY 116, ¶ 7, 428 P.3d 173, 175 (Wyo. 2018). An illegal sentence is one that exceeds statutory limits, imposes multiple terms of imprisonment for the same offense, or otherwise violates the constitution or the law. *Palomo v. State,* 2018 WY 42, ¶ 24, 415 P.3d 700, 705-06 (Wyo. 2018). This Court has held "when a discrepancy exists between the oral pronouncement and the written order, the oral pronouncement prevails." *Id.,* ¶ 26, 415 P.3d at 706. A written sentence that is inconsistent with the oral pronouncement is not necessarily illegal, but it does require correction. *Id.* ¶ 27, 415 P.3d at 706. If a written sentence does not conform to the oral sentence, this Court must remand the issue for correction. *Lane v. State,* 663 P.2d 175, 176 (Wyo. 1983) (quoting *Fullmer v. Meacham,* 387 P.2d 1007, 1009 (Wyo. 1964)).

[¶29] The district court verbally sentenced Mr. Wanberg to a term of incarceration. It suspended that incarceration, stating "I would place you on a period of supervised probation for a period of three years." However, the written Judgment and Sentence placed Mr. Wanberg on probation for a period of five years.

[¶30] The written Judgment and Sentence did not conform to the verbal sentence given by the district court. The sentence is improper to the extent it differs from the district court's oral pronouncement. *Palomo,* ¶ 26, 415 P.3d at 706. However, the written sentence does not exceed statutory limits, impose multiple terms of imprisonment for the same offense, or otherwise violate the constitution or the law, and is not illegal.

[¶31] We remand this matter to the district court for correction of its written sentencing order.