# IN THE SUPREME COURT, STATE OF WYOMING

## 2025 WY 18

**OCTOBER TERM, A.D. 2024**

**February 13, 2025**

EDWARD EUGENE ROBERTSON,

Appellant
(Defendant),

v.

THE STATE OF WYOMING,

Appellee
(Plaintiff).

S-24-0151

*Appeal from the District Court of Natrona County*
*The Honorable Catherine E. Wilking, Judge*

*Representing Appellant:*
Office of the State Public Defender: Brandon Booth, Wyoming State Public Defender;* Kirk A. Morgan, Chief Appellate Counsel; Jeremy Meerkreebs, Assistant Appellate Counsel. Argument by Mr. Meerkreebs.

*Representing Appellee:*
Bridget Hill, Wyoming Attorney General; Jenny L. Craig, Deputy Attorney General; Kristen R. Jones, Senior Assistant Attorney General; Darrell D. Jackson, Faculty Director, Prosecution Assistance Program; Matthew J. Riekens, Student Director, Prosecution Assistance Program. Argument by Mr. Riekens.

*Before FOX, C.J., and BOOMGAARDEN, GRAY, FENN, and JAROSH, JJ.*

* An order substituting Brandon Booth for Ryan Roden was entered on October 10, 2024.

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**GRAY, Justice.**

[¶1]    Edward Eugene Robertson pled guilty to second-degree murder. Prior to sentencing, he filed a motion to withdraw his guilty plea, which the district court denied. Mr. Robertson argues the district court abused its discretion by denying his motion to withdraw his guilty plea. We affirm.

## *ISSUE*

[¶2]    Did the district court abuse its discretion when it denied Mr. Robertson's motion to withdraw his guilty plea?

## *FACTS*

[¶3]    On the evening of March 20, 2020, Mr. Robertson called 911 and reported he shot his wife, Dana Robertson (Dana), because he was angry that she was cheating on him. When law enforcement arrived on the scene, they found Dana deceased with a gunshot wound to her face. Mr. Robertson was arrested and agreed to speak with a detective. After the detective advised him of his *Miranda* rights, Mr. Robertson admitted he shot his wife. He claimed Dana had been having an affair and that evening she told him she wanted a separation. She gathered her items from their bedroom and went to the spare bedroom to sleep. At this point in the interview, Mr. Robertson, who is diabetic, became unresponsive. The detective called for medical assistance and Mr. Robertson was taken to the hospital, where he was treated for low blood sugar. Several hours later, after Mr. Robertson's condition was stabilized, the detective went to the hospital and resumed the interview. Mr. Robertson again admitted he killed Dana, claiming "the anger got to me." He explained that after Dana went to the spare bedroom, he was lying in his bed and her actions "must have triggered something." He took the gun from his dresser drawer, went to the spare bedroom, and "just pointed it and [the] next thing I know I shot her." He claimed he then tried to kill himself, but the gun jammed.

### A.    Charges and Competency Proceedings

[¶4]    Mr. Robertson was charged with first-degree murder in violation of Wyo. Stat. Ann. § 6-2-101(a). He pled not guilty at his arraignment on May 21, 2020. Eight months later, on January 26, 2021, defense counsel filed a motion for a competency evaluation under Wyo. Stat. Ann. § 7-11-303. When asked to explain the delay in filing the motion, defense counsel stated that due to his high felony caseload (over 100 felony cases), he had not had the time, until recently, to go through the voluminous discovery with Mr. Robertson. He maintained the more time he spent with Mr. Robertson, the more concerns he had with Mr. Robertson's competency. The district court granted the motion. Thereafter, Mr. Robertson underwent two competency evaluations. Because the evaluators reached different results, the district court held a competency hearing on August 20, 2021. The district court

1

determined Mr. Robertson was not fit to proceed and ordered him to be restored to competency at the Wyoming State Hospital.

[¶5]   Almost a year later, on August 1, 2022, a forensic psychologist from the Wyoming State Hospital filed a report with the court stating Mr. Robertson had been restored to competency.  Mr. Robertson disagreed with the psychologist's findings, and the district court held a hearing on November 9, 2022.  The court determined Mr. Robertson's competency had been restored and he was fit to proceed.

## B.     NGMI Plea

[¶6]   In September 2021, soon after the district court decided he was not competent to proceed, Mr. Robertson filed a written entry of a plea of not guilty by reason of mental illness or deficiency (NGMI plea).  As a result, once Mr. Robertson was restored to competency, the district court ordered him to be evaluated to determine his mental capacity at the time of the offense (hereinafter "criminal culpability").  *See* Wyo. Stat. Ann. § 7-11-304(a) ("A person is not responsible for criminal conduct if at the time of the criminal conduct, as a result of mental illness or deficiency, he lacked substantial capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law."); Wyo. Stat. Ann. § 7-11-304(d) ("In all cases where a plea of 'not guilty by reason of mental illness or deficiency' is made, the court shall order an examination of the defendant by a designated examiner.").  Mr. Robertson underwent two criminal culpability evaluations.  While the evaluators disagreed as to whether Mr. Robertson had a mental illness at the time of the offense, both evaluators determined he knew the wrongfulness of his conduct and could conform his behavior to the requirements of the law.

## C.     Change of Plea Hearing

[¶7]   On November 9, 2023, Mr. Robertson filed a request for a change of plea hearing.  That same day, the State filed a motion to amend the information from first-degree murder to second-degree murder in violation of Wyo. Stat. Ann. § 6-2-104.  The court granted the motion.

[¶8]   On November 30, 2023, the district court held the requested change of plea hearing.  The prosecutor outlined the terms of Mr. Robertson's guilty plea—Mr. Robertson would plead guilty to second-degree murder and, while there was no agreed-upon sentence, neither party could argue for a sentence lower than 30 years imprisonment.  Defense counsel agreed with the stated terms.  The court then placed Mr. Robertson under oath and reviewed the terms of his guilty plea.  When the court asked Mr. Robertson whether the terms were accurate, there was a pause in the proceedings before Mr. Robertson responded, "Hmm.  Yes, ma'am."  The court then asked Mr. Robertson whether there were any other terms or conditions he believed existed that the court had not addressed and told him he could visit with defense counsel if needed.  Mr. Robertson indicated he wanted to speak

2

with counsel. After doing so, defense counsel informed the court Mr. Robertson had changed his mind and was not willing to plead guilty. The court took a 30-minute recess to address matters in two unrelated cases.

[¶9] When the district court returned to Mr. Robertson's case, defense counsel told the court that Mr. Robertson now wanted to go forward with the change of plea hearing. Mr. Robertson confirmed this information and said defense counsel had answered his questions regarding the terms of his guilty plea. The court read the amended charge and informed Mr. Robertson of the statutory minimum sentence (20 years), the collateral consequences of having a felony conviction, the rights he would have if he did not plead guilty, and that he would be waiving those rights by pleading guilty. Mr. Robertson acknowledged he understood these advisements. He informed the court that no one had promised him anything or forced or threatened him to plead guilty, and he was pleading guilty voluntarily and of his own free will. Mr. Robertson told the court he discussed his guilty plea with defense counsel and was satisfied with counsel's representation. Mr. Robertson provided a factual basis for his plea. He admitted that on March 20, 2020, in Natrona County, he purposely and maliciously, but without premeditation, killed Dana Robertson by arming himself with a .380 firearm, walking into the room where Dana was staying, and shooting her in the face because he was upset over her having an affair. The court accepted Mr. Robertson's guilty plea, finding it was made "knowingly and voluntarily, without any improper inducements or conditions." It also found Mr. Robertson understood the charge and the consequences of pleading guilty, his guilty plea was made after consultation with competent counsel, and Mr. Robertson provided a sufficient factual basis to support his plea.

D.      Mr. Robertson's Motion to Withdraw His Guilty Plea

[¶10] On December 21, 2023, less than one month after pleading guilty, Mr. Robertson filed a pro se Petition to Change Plea and for Change of Venue. The petition stated: "Defendant withdraws guilty plea to not guilty. Defendant petitions court for change of venue. Due to fact there has been a leak of evidence in this case." The pro se petition was followed by a written motion to withdraw guilty plea under W.R.Cr.P. 32(d), where defense counsel asserted Mr. Robertson had informed him "I'd rather take my chances at trial."

[¶11] On January 18, 2024, the district court held a hearing on Mr. Robertson's motion to withdraw his guilty plea. Defense counsel addressed the court and contended that the main reason Mr. Robertson sought to withdraw his plea was because he "changed his mind." He added that Mr. Robertson also wanted "a change of venue" and believed "the entire system [had] been unfair to him, and [he had] been lied to by the system[.]" Mr. Robertson spoke as well, claiming he had "been misrepresented and everything else. So . . . I'd rather take my chances with trial and . . . I request new counsel and co[-]counsel." The district court denied Mr. Robertson's motion to withdraw his guilty plea. It determined he had failed to

show a fair and just reason to withdraw his plea as required by W.R.Cr.P. 32(d) and his "belated misgivings" about the plea were not a sufficient basis for withdrawal.

### E.      Pro Se Motions for New Counsel and Sentencing

[¶12]   After his motion to withdraw was denied, Mr. Robertson filed several pro se motions seeking new counsel and a change of venue.  He claimed defense counsel was incompetent and did not correspond with him for almost a year.  He also maintained that counsel told him one of the terms of his guilty plea was that the sentence could not exceed 30 years but then the agreement "was changed to a 30 year minimum."  The district court held a combined motions and sentencing hearing.  At the hearing, the district court addressed Mr. Robertson's request for new counsel, informing him he did not have a right to the appointed counsel of his choosing and if he did not want defense counsel to represent him, he would be representing himself during sentencing.  When asked how he wished to proceed, Mr. Robertson stated:

> Oh, this whole case has been messed with anyway.  I did not - - oh, let's see, how I can put this?  Basically been incompetent. I was never -- the first year, I never did get anybody still.  I've been misrepresented.  I was incompetent my first year.  I was never seen or heard from.  Let's see.  Oh, my mind went blank.
>
> Just forget it. Just -- just give me my sentencing.

The district court then asked him if he wished to move forward with sentencing with defense counsel representing him; Mr. Robertson replied, "Let's go."  The court sentenced Mr. Robertson to 65 to 80 years in prison.  Mr. Robertson timely appealed.

### *STANDARD OF REVIEW*

[¶13]           We review the denial of a motion to withdraw a plea for an abuse of discretion.  *See Steffey v. State*, 2019 WY 101, ¶ 17, 449 P.3d 1100, 1105 (Wyo. 2019); *Berger v. State*, 2017 WY 90, ¶ 7, 399 P.3d 621, 623 (Wyo. 2017).  "A court abuses its discretion only when it could not reasonably decide as it did." *Steffey*, ¶ 18, 449 P.3d at 1105, (citing *Berger*, ¶ 7, 399 P.3d at 623 and *Venard v. Jackson Hole Paragliding, LLC*, 2013 WY 8, ¶ 6, 292 P.3d 165, 168 (Wyo. 2013)); *see also*, *Chapman v. State*, 2013 WY 57, ¶ 52, 300 P.3d 864, 874 (Wyo. 2013) (under the abuse of discretion standard, we decide "whether the trial court could reasonably conclude as it did and whether any facet of its ruling was arbitrary or capricious" (quotations omitted)).  "An abuse of discretion can [also] exist if the wrong

law has been applied, the correct law has been applied but incorrectly interpreted, or if the correct law has been improperly applied." *Grove v. Pfister*, 2005 WY 51, ¶ 6, 110 P.3d 275, 278 (Wyo. 2005); *see also*, *Finley Res., Inc. v. EP Energy E&P Co., L.P.*, 2019 WY 65, ¶ 7, 443 P.3d 838, 842 (Wyo. 2019).

*Wanberg v. State*, 2020 WY 75, ¶ 14, 466 P.3d 269, 273 (Wyo. 2020).

## DISCUSSION

[¶14] W.R.Cr.P. 32(d) states: "If a motion for withdrawal of a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason." "In general, '[a] fair and just reason [to withdraw a guilty plea] includes inadequate plea colloquies, newly discovered evidence, intervening circumstances, or other reasons that did not exist when the defendant entered his plea.'" *McHenry v. State*, 2023 WY 68, ¶ 20, 532 P.3d 217, 224 (Wyo. 2023) (quoting *Pettus v. State*, 2022 WY 126, ¶ 19, 518 P.3d 267, 274 (Wyo. 2022)). The wish to have a trial, a change of mind, or belated misgivings about entering a plea do not constitute a fair and just reason under W.R.Cr.P. 32(d). *Russell v. State*, 2013 WY 137, ¶ 24, 312 P.3d 76, 83 (Wyo. 2013); *Winsted v. State*, 2010 WY 139, ¶ 16, 241 P.3d 497, 501–02 (Wyo. 2010) (citation omitted). "'The defendant has the burden of establishing a fair and just reason' to withdraw a plea under W.R.Cr.P. 32(d)." *Delgado v. State*, 2022 WY 61, ¶ 25, 509 P.3d 913, 922 (Wyo. 2022) (quoting *Wanberg*, ¶ 15, 466 P.3d at 273).

[¶15] "We have identified a . . . list of seven factors, often referred to as the *Frame* factors, to assist courts in determining whether a defendant has established a fair and just reason to withdraw his plea." *Pettus*, ¶ 21, 518 P.3d at 274 (quoting *Delgado*, ¶ 27, 509 P.3d at 923). *See also Frame v. State*, 2001 WY 72, ¶ 7, 29 P.3d 86, 89 (Wyo. 2001). The *Frame* factors are:

> (1) Whether the defendant has asserted his innocence; (2) whether the government would suffer prejudice; (3) whether the defendant has delayed in filing his motion; (4) whether withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was present; (6) whether the original plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources.

*Frame*, ¶ 7, 29 P.3d at 89 (citing 3 Charles A. Wright et al., *Federal Practice and Procedure* § 538 (2d ed., Supp. 2001), and *United States v. Black*, 201 F.3d 1296, 1299–1300 (10th Cir. 2000)). These factors "are not exclusive or exhaustive, and do not provide

a numerical calculation indicating when a 'fair and just reason' exists for withdrawal of a plea." *Wanberg*, ¶ 16, 466 P.3d at 273. They were intended

> to provide guidance to the trial courts in making the determination of whether a defendant has presented a fair and just reason in support of the motion to withdraw his guilty plea. . . . No single factor is dispositive, and the ultimate determination on the motion is based upon whether the defendant has carried his burden of establishing a fair and just reason for withdrawal.

*Id.* (quoting *Major v. State*, 2004 WY 4, ¶ 14, 83 P.3d 468, 473 (Wyo. 2004)).

[¶16] The district court addressed each *Frame* factor but did not specify whether the factor weighed in favor of withdrawal, against withdrawal, or was neutral. It is clear, however, that the third *Frame* factor weighs in favor of allowing Mr. Robertson to withdraw his plea. The court found Mr. Robertson did not delay in filing his motion to withdraw because it was filed within 30 days of the change of plea hearing. Although the State now claims that Mr. Robertson delayed in filing his motion to withdraw, this claim is contrary to its argument in the district court.

[¶17] With respect to the second and seventh *Frame* factors, the district court found (1) the State would suffer "some prejudice" if Mr. Robertson was allowed to withdraw his plea because the State would have to find and subpoena witnesses and re-prepare for trial, and (2) withdrawal of the plea would waste "certain" judicial resources. Based on these findings, it appears the court weighed the second and seventh *Frame* factors only slightly, if at all, against permitting Mr. Robertson to withdraw his plea. We need not address these factors further. Instead, we will assume, without deciding, that they weigh in favor of allowing Mr. Robertson to withdraw his plea. We turn to Mr. Robertson's challenges to the district court's analysis of the remaining *Frame* factors.

## A. Factor 1—Assertion of Innocence

[¶18] The district court found that based on its review of the file, including Mr. Robertson's evaluations and videotaped interviews, Mr. Robertson never asserted his innocence. Mr. Robertson argues the district court misunderstood the meaning of "innocence." While he never claimed he did not shoot Dana or that someone else shot her, he maintains he litigated the question of his criminal culpability throughout the proceedings, namely, he entered an NGMI plea in September 2021 and did not withdraw that plea until he pled guilty, over two years later. He also relies on his statements to the presentence investigative report (PSIR) author where he claimed he was in a "diabetic black out stage" when he shot Dana and he only intended to kill himself.

6

[¶19] A defendant may satisfy the first *Frame* factor by asserting his legal innocence. *Delgado*, ¶¶ 29–30, 509 P.3d at 923–24. *See also McHenry*, ¶ 23, 532 P.3d at 225 ("We recognized in *Delgado* . . . that a defendant may satisfy the first *Frame* factor by asserting his legal innocence."). However, "the mere assertion of a legal defense is insufficient to satisfy the first *Frame* factor. [T]he defendant must present a credible claim of legal innocence." *McHenry*, ¶ 26, 532 P.3d at 226 (citations and quotation marks omitted).

[¶20] In *Delgado*, Mr. Delgado filed a motion to withdraw his no contest plea, claiming he "believe[d] at the time of the [offense] . . . he was experiencing an episode of manic behavior and did not understand the extent of his actions, was unable to determine right from wrong[,] and was further unable to conform his conduct to the appropriate conduct." *Delgado*, ¶¶ 10, 29, 509 P.3d at 918–19, 923. In support of his motion, he submitted several psychological reports stating he may have been suffering from a mental illness at the time of the offense. *Id.* ¶ 33, 509 P.3d at 924. We concluded the first *Frame* factor did not weigh in favor of allowing Mr. Delgado to withdraw his plea because he failed to establish with nonspeculative and credible evidence that he was not guilty by reason of mental illness under Wyo. Stat. Ann. § 7-11-304(a). *Id.* ¶¶ 30, 32–33, 509 P.3d at 923–24. We found Mr. Delgado's subjective belief that he was in a manic episode at the time of the offense was insufficient to support his motion to withdraw his plea, and the psychological reports failed to show his mental illness deprived him of the capacity to understand the wrongfulness of his conduct or to conform his conduct to the law, a necessary showing to be relieved of criminal liability under Wyo. Stat. Ann. § 7-11-304(a). *Delgado*, ¶¶ 32–33, 36, 509 P.3d at 924–25.

[¶21] Mr. Robertson did not assert he was legally innocent in his motion to withdraw his plea or during his arguments at the hearing on that motion. On appeal, he relies on his NGMI plea and his statements to the PSIR author to support his claim of legal innocence. The entry of an NGMI plea does not in itself establish a credible claim of legal innocence under the first *Frame* factor. Mr. Robertson was required to show with nonspeculative and reliable evidence that he was not guilty by reason of mental illness under Wyo. Stat. Ann. § 7-11-304(a). *Delgado*, ¶ 30, 509 P.3d at 923–24. Mr. Robertson did not present any evidence in support of his NGMI plea, and his criminal culpability evaluations revealed that at the time of the offense he had the capacity to appreciate the wrongfulness of his conduct and to conform his conduct to the requirements of the law.[1] His assertions of lack of culpability to the PSIR author are equally unavailing. They are subjective and inconsistent with the statements he made to the detective immediately following the

---

[1] One criminal responsibility evaluator noted Mr. Robertson underwent a criminal culpability evaluation in October 2022, prior to the court's order requiring him to undergo such evaluation. While it appears the October 2022 evaluation resulted in an opinion that Mr. Robertson "lacked a substantial capacity to appreciate the wrongfulness of his conduct or conform his conduct to the requirements of the law," that opinion is not in the record. Mr. Robertson did not rely on the October 2022 evaluation to support his motion to withdraw and does not rely on it on appeal.

offense. The first *Frame* factor weighs against allowing Mr. Robertson to withdraw his plea.

## B.    Factor 4—Substantial Inconvenience to the Court

[¶22]  When addressing the fourth *Frame* factor, the district court stated:

> The Court is here to do the business of the people, and so I have difficulty ever finding that [allowing withdrawal of a plea] would be an inconvenience to the Court. But, given the very busy docket in this jurisdiction, the criminal matter, if put back on the Court's trial stack and the amount of time it's taken to get resolution of Mr. Robertson's case, would mean that other matters, civil matters, domestic relation matters, other litigants who have been waiting to have their day in court would very likely have their matters vacated and set, . . . months, if not a year down the road in order to accommodate a trial for Mr. Robertson.
>
> So it would be an inconvenience to the court, but it could be an inconvenience and a lack of access to the courts by other litigants. That's a somewhat different analysis of factor four than my review of the case law has considered previously, but it is a factor for the Court to consider.

[¶23]  Mr. Robertson argues that although the district court's concern for other litigants' access to the court is "admirable," it is not a justification to deny his motion to withdraw because he waived his right to a speedy trial in May 2020 and, therefore, his trial would have to accommodate these other litigants' needs. He also claims that withdrawal of a plea always disrupts a court's schedule. Relying on *Wanberg*, he maintains the fourth *Frame* factor should not weigh against withdrawal of his plea because his objective in filing the motion to withdraw was not to inconvenience the court.

[¶24]  Because the *Frame* factors are not exhaustive, *Wanberg*, ¶ 16, 466 P.3d at 273, the district court could and did appropriately consider the rights of other litigants when addressing Mr. Robertson's motion to withdraw. Nonetheless, the fourth *Frame* factor speaks to "whether withdrawal [of the plea] would *substantially inconvenience the court*." *Frame*, ¶ 7, 29 P.3d at 89 (emphasis added). The court did not find it would be substantially inconvenienced. Moreover, while the court noted its "very busy docket," it failed to make any finding that Mr. Robertson's objective in filing his motion to withdraw was to intentionally inconvenience the court or to delay the proceedings. *Wanberg*, ¶ 20, 466 P.3d at 274 ("Withdrawal of a plea almost always results in some 'inconvenience' to the court's schedule. This factor is only important when the inconvenience indicates the unfairness of

the defendant's reason, as when his motive is to intentionally inconvenience the court or simply delay the proceedings."). The fourth *Frame* factor weighs in favor of allowing Mr. Robertson to withdraw his guilty plea.

## C.     Factor 5—Close Assistance of Counsel

[¶25]   The district court determined Mr. Robertson "has had very close assistance of very experienced defense counsel" and noted Mr. Robertson stated at the change of plea hearing that he was satisfied with defense counsel's representation. Mr. Robertson concedes he received constitutionally effective and competent assistance of counsel. He argues, however, that the fifth *Frame* factor requires counsel to have been adequate and available to ensure he made an informed decision to plead guilty and defense counsel's assistance in this case was neither. He points to defense counsel's admission that he did not meet with Mr. Robertson about the evidence until eight months after arraignment. Mr. Robertson also relies on his own conduct at the change of plea hearing. While he admits his conduct was consistent with a defendant who is indecisive or "playing games," he contends that when his conduct is considered alongside his pro se petition to withdraw his plea it reveals a defendant who did not understand what was happening because he was not being closely advised. Finally, Mr. Robertson relies on his pro se motions seeking to fire defense counsel and his statements at sentencing that he was misrepresented and "was never seen or heard from" the first year he was incompetent. While these motions and statements were made after the district court denied his motion to withdraw, he claims they shed light on his circumstances at the time he moved to withdraw his plea and "should have sounded warning bells for the court and the State."

[¶26]   Ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), may constitute a fair and just reason to grant a motion to withdraw, but a defendant need not satisfy the *Strickland* standard to establish the fifth *Frame* factor. *Steffey v. State*, 2019 WY 101, ¶ 33, 449 P.3d 1100, 1108–09 (Wyo. 2019). "[T]he close assistance of counsel factor under *Frame* requires 'counsel's assistance to be adequate and available.'" *Delgado*, ¶ 40, 509 P.3d at 926 (quoting *Steffey*, ¶ 35, 449 P.3d at 1109). "The focus of the inquiry is whether counsel provided adequate assistance to ensure the defendant made an 'informed decision when he entered his plea.'" *McHenry*, ¶ 34, 532 P.3d at 227–28 (quoting *Steffey*, ¶ 37, 449 P.3d at 1109).

[¶27]   Mr. Robertson's claim that he did not receive the close assistance of counsel in reaching his decision to plead guilty is not supported by the record. While Mr. Robertson stated at the hearing on the motion to withdraw that he had "been misrepresented" and he would "rather take [his] chances [at] trial" with new counsel, these statements contradict his previously stated satisfaction with defense counsel's representation. Mr. Robertson's conduct at the change of plea hearing does not demonstrate that defense counsel's assistance was inadequate or unavailable. Rather, his conduct is consistent with a defendant who changed his mind, which, in turn, is consistent with defense counsel's stated

9

reason for Mr. Robertson wanting to withdraw his guilty plea. Mr. Robertson was allowed to consult with defense counsel during the change of plea hearing and, prior to taking his guilty plea, the court asked Mr. Robertson if he had discussed his guilty plea with defense counsel, if he was satisfied with his representation, and if he wanted to plead guilty. Mr. Robertson affirmatively answered each of these inquiries.

[¶28] Mr. Robertson does not connect defense counsel's eight-month delay in reviewing discovery or his assertion that defense counsel did not visit with him while he was incompetent (and the proceedings were stayed) to his decision to plead guilty. His claim that defense counsel was "incompetent" is unsupported by argument or the record. The fifth *Frame* factor weighs against allowing withdrawal of the plea.

## D.  Factor 6—Whether the Plea was Knowing and Voluntary

[¶29] The district court found W.R.Cr.P. 11 had been complied with at the change of plea hearing, and Mr. Robertson's plea was knowingly and voluntarily made after consultation with competent counsel. Mr. Robertson agrees the court complied with W.R.Cr.P. 11 but claims he did not understand what he was doing, and this was evidenced at the change of plea hearing where he indicated an unwillingness to plead guilty but then changed his mind. He also points to his pro se petition for new counsel, filed after the court denied his motion to withdraw his plea, where he claimed defense counsel told him his sentence would be capped at 30 years and then "it was changed to a 30 year minimum." While he does not allege that defense counsel misled him as to the terms of his guilty plea, he contends this statement shows that he did not understand the terms. In support of this argument, he asserts, "Mr. Robertson, who spent a significant portion of his case adjudicated incompetent to stand trial, did not understand what he was doing when he pleaded guilty. Moving to withdraw his plea, inartfully as he did, was his attempt to remedy that."

[¶30] A guilty plea "must be entered by a defendant knowingly and voluntarily." *Delgado*, ¶ 42, 509 P.3d at 926 (citations omitted). A plea is knowingly entered if the court properly advises the defendant and "ensure[s] he understands the 'nature of the plea, the penalties, including the potential maximum sentence[] associated with the charge he would be pleading to, the rights he would be relinquishing, and the consequences if the court accept[s] the plea.'" *Id.* (quoting *Major*, ¶ 23, 83 P.3d at 479 (citing W.R.Cr.P. 11)). A plea is voluntary when the defendant is "fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel" and is not "induced by threats . . . , misrepresentation . . . , or . . . promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes)." *McHenry*, ¶ 38, 532 P.3d at 228–29 (quoting *Dobbins v. State*, 2012 WY 110, ¶ 62, 298 P.3d 807, 824 (Wyo. 2012)). "We look to the totality of the circumstances to determine whether a plea was knowing and voluntary." *Pettus*, ¶ 30, 518 P.3d at 276 (quoting *Steffey*, ¶ 19, 449 P.3d at 1105).

10

[¶31]   The record shows Mr. Robertson entered his plea knowingly and voluntarily.  The district court complied with W.R.Cr.P. 11 at the change of plea hearing and confirmed no one promised Mr. Robertson anything to plead guilty or forced or threatened him to plead guilty.  It went over the terms of the guilty plea with Mr. Robertson, including the provisions requiring Mr. Robertson to be sentenced to not less than 30 years imprisonment.  When Mr. Robertson hesitated after being asked if he agreed with those terms, the court ensured he had the opportunity to speak with counsel.  After Mr. Robertson's consultation with counsel and before accepting his plea, the court asked Mr. Robertson if he wanted to plead guilty and if defense counsel had answered his questions concerning the terms of his guilty plea.  Mr. Robertson answered yes to both questions.  He did not question or indicate disagreement with the 30-year minimum sentence or claim that he had agreed to plead guilty in exchange for a 30-year maximum sentence.

[¶32]   Mr. Robertson's attempt to rely on his incompetency to render his guilty plea invalid is without merit.  He does not challenge on appeal the district court's determination that he had been restored to competency and that determination occurred in November 2022, a year before he pled guilty.  The sixth *Frame* factor weighs against permitting Mr. Robertson to withdraw his plea.

[¶33]   The district court's denial of Mr. Robertson's motion to withdraw was reasonable.  Although none of the *Frame* factors are dispositive, "we have suggested the voluntariness of the plea (the sixth factor) is a significant factor" and "[o]ther courts have described the first (assertion of innocence), fifth (close assistance of counsel) and sixth (voluntariness of the plea) factors as the most important in evaluating whether a defendant has established a 'fair and just reason' for withdrawal of his guilty plea."  *Steffey*, ¶ 38, 449 P.3d at 1110 n.11 (citing *Frame*, ¶ 7, 29 P.3d at 89; *United States v. Qualls*, 741 F. App'x 592, 597 (10th Cir. 2018) (unpublished); *United States v. Santiago Miranda*, 654 F.3d 130, 136 (1st Cir. 2011); *United States v. Berkeley*, 567 F.3d 703, 708 (D.C. Cir. 2009); *United States v. Sparks*, 67 F.3d 1145, 1154 (4th Cir. 1995)).  The first, fifth, and sixth *Frame* factors weigh against allowing Mr. Robertson to withdraw his plea.  We agree with the district court that no fair and just reason supported Mr. Robertson's request to withdraw his guilty plea under W.R.Cr.P. 32(d).[2]

---

[2] While the district court considered the *Frame* factors in deciding Mr. Robertson had failed to show a fair and just reason to withdraw his plea under W.R.Cr.P. 32(d), it also found Mr. Robertson's "belated misgivings" about his plea were not a fair and just reason to withdraw his plea. *Russell*, ¶ 24, 312 P.3d at 83 (citing *Winsted*, ¶ 16, 241 P.3d at 501).  Mr. Robertson agrees with this statement of the law but claims his changing his mind was the reason proposed *by defense counsel* for his wanting to withdraw his plea. *His* stated reasons for withdrawal were the fact he was misrepresented, and he did not understand the terms of his plea.  We have considered his stated reasons above.  They are conclusory and not supported by the record.  The record supports the district court's determination that Mr. Robertson's reason for withdrawal was his "belated misgivings" about the plea.  Defense counsel stated Mr. Robertson's reasons for withdrawing his plea were he "changed his mind" and "he would [rather] take his chances at trial," and Mr. Robertson himself argued he would "rather take [his] chances with trial."

## *CONCLUSION*

[¶34]   The district court did not abuse its discretion when it denied Mr. Robertson's motion to withdraw his guilty plea.